**UNITED STATES of America, ex rel. S. PRAWER & COMPANY, Gilbert Prawer, and Harvey Prawer, Plaintiffs,**

v.

**FLEET BANK OF MAINE RECOLL MANAGEMENT CORPORATION, Verrill & Dana, a law partnership, P. Benjamin Zuckerman, Anne M. Dufour and Amy Bierbaum, Defendants.**

**Civ. No. 93–165–P–C.**

United States District Court,
D. Maine.

June 30, 1993.

Jeffrey Bennett, Herbert H. Bennett & Assoc., P.A., Portland, ME, for all plaintiffs.

No appearances were entered on behalf of any of the defendants since service was not made.

## MEMORANDUM AND *SUA SPONTE* ORDER OF DISMISSAL

GENE CARTER, Chief Judge.

Private party Plaintiffs herein have filed a "*qui tam,*" so called, action against Defendants herein under 31 United States Code sections 3729 *et seq.,* the so-called "False Claims Act." The action is one brought by S. Prawer & Company, Gilbert Prawer, and Harvey Prawer, as private persons, for their benefit and that of the United States Government pursuant to 31 United States Code section 3730(b)(1). The Complaint makes it clear that the claims asserted herein are based upon allegations or transactions which are the subject of a civil suit pending in this Court, *Federal Deposit Insurance Corporation v. S. Prawer & Company, et al.,* Civil No. 92–379–P–C, 1992 WL 390689.

The False Claims Act provides later on in section 3730, however:

In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative

---

civil money penalty proceeding in which the government is already a party.

31 U.S.C. § 3730(e)(3).[1] The Court *FINDS* that the Government is, for purposes of the foregoing statutory provision, already a party, in the person of the Federal Deposit Insurance Corporation in its capacity as a corporate entity, to the foregoing civil suit, Civil No. 92–379–P–C on the docket of this Court. The Court *FURTHER FINDS* that the claims set forth herein arise out of the allegations and transactions already at issue in Civil No. 92–379–P–C. The private party Plaintiffs in fact assert as defenses, somewhat obliquely, in their briefing of pending motions in that case most of the legal theories that underlie their allegations in this case. The Court has every reason to believe that any claim made against the Federal Deposit Insurance Corporation of a false or fraudulent nature will be fully subject to litigation and adjudication, if required, in the pending civil action. The effort to inject new claims based upon the False Claims Act into the internecine warfare now ongoing in the pending civil matter is, in the view of the Court, an opportunistic attempt by Defendants in the civil case, as private party Plaintiffs herein, to improperly delay the ongoing progress of pretrial preparation of that case for trial as now scheduled. This *"qui tam"* action, and the stay of proceedings sought in the pending civil action, for which it is a basis, will serve no good purpose that is not already open to pursuit in the pending civil action.

Accordingly, pursuant to the statutory ban of 31 United States Code section 3730(e)(3), it is hereby *ORDERED* that the Complaint herein be, and it is hereby, *DISMISSED,* and it is hereby *ORDERED* that the request for sealing of the Complaint and supporting papers be, and it is hereby, *DENIED.* It is *FURTHER ORDERED* that the Complaint and all related papers herein be docketed in due course with this Memorandum and Order of Dismissal.

---

1. Using the pendency of this case as a predicate therefor, the private party Plaintiffs have moved (*in camera*) in Civil No. 92–379–P–C to stay all proceedings in that case (Docket No. 72) and have also moved to place all discovery and related motions therein under seal (Docket No. 70). Private party Plaintiffs thus seek to cripple all further proceedings in that case, which is one of the oldest cases on the Court's docket and in respect to which the Court has repeatedly made valiant and strenuous efforts to get counsel on each side to litigate responsibly and in good faith; alas, all to no avail.